**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss, [# 27], is granted.

**IT IS FURTHER ORDERED** that the Temporary Injunction issued on April 30, 2003, is dissolved.

**IT IS FURTHER ORDERED** that this matter is dismissed.

A separate Judgment in accordance with this Memorandum and Order is entered this date.

**NEBRASKA PLASTICS, INC., Plaintiff,**

v.

**MOSS–ADAMS CAPITAL, LLC, Defendant.**

**No. 8:02CV341.**

United States District Court, D. Nebraska.

June 10, 2003.

Michael F. Coyle, Russell A. Wester-hold, Fraser, Stryker Law Firm, Omaha, NE, for Plaintiff.

Joseph C. Byam, Thomas S. Hoarty, Jr., Byam, Hoarty Law Firm, Omaha, NE, for Defendant.

## MEMORANDUM AND ORDER

BATAILLON, District Judge.

## INTRODUCTION

This matter is before the court on defendant's motion for partial summary judgment, Filing No. 19, and plaintiff's motion for partial summary judgment, Filing No. 27. Plaintiff filed a declaratory judgment action asking the court to find the Engagement Agreement, Ex. 4, between the parties to be void. Defendant filed a motion for partial summary judgment requesting a finding in its favor that it is not a loan broker under the Nebraska Loan Broker Act (NLBA), Neb.Rev.Stat. § 45–189 *et seq.* Plaintiff then requested partial summary judgment in its favor finding that the defendant is a loan broker under the NLBA. Both parties have filed briefs, reply briefs, and indices of evidence. I have carefully reviewed the record, briefs, evidence, and relevant case law, and I conclude that defendant's motion for partial summary judgment should be granted and plaintiff's motion for partial summary judgment should be denied.

## ARGUMENTS OF THE PARTIES

The NLBA defines "loan brokers" who are subject to and exempt from the provisions of the Act. The Act defines loan broker as:

(5) Loan broker means any person, except any bank, trust company, savings and loan association or subsidiary of a savings and loan association, building and loan association, credit union, industrial loan company, licensed or registered mortgage banker, Federal Housing Administration or United States Department of Veterans Affairs approved lender as long as the loan of money made by the Federal Housing Administration or the United States Department of Veterans Affairs approved lender is secured or covered by guarantees or commitments or agreements to purchase or take over the same by the Federal Housing Administration or the United States Department of Veterans Affairs, credit card company, installment loan licensee, or insurance company which is subject to regulation or supervision under the laws of the United States or this state, who:

(a) For or in expectation of consideration, procures, attempts to procure, arranges or attempts to arrange a loan of money for a borrower;

(b) For or in expectation of consideration, assists a borrower in making an application to obtain a loan of money;

(c) Is employed as an agent for the purpose of soliciting borrowers as clients of the employer; or

(d) Holds himself or herself out, through advertising, signs, or other means as a loan broker.

Neb.Rev.Stat. § 45–190(5). However, there are exemptions in the Act which defendant argues are applicable in this case. This section of the Act states:

The following persons are exempt from sections 45–189 to 45–191.11 if such person does not hold himself or herself out, through advertising, signs, or other means as a loan broker: securities broker-dealer, real estate broker, or sales person, attorney, accountant, or investment advisor.

Neb.Rev.Stat. § 45–191.10.

Plaintiff argues that defendant fits this definition of "loan broker." Defendant is a large accounting firm. Defendant's president, Harman K. Wales, states in his affidavit that the agreement entered into was for "the arrangement of new financing" including debt commitments and equity financing. Ex. 1, ¶¶ 18 and 19; see also Aff. of Rex Hansen, Ex. 2, ¶ 6, and Aff. of Tom Him, Ex. 3, ¶ 5 (purpose is to find loans and debt commitments). Further, plaintiff argues that defendant held itself out from the beginning of the negotiations as a loan broker, and thus none of these professional exemptions in the NLBA apply. The evidence, argues plaintiff, supports this assertion. Plaintiff argues that allowing defendant the broker dealer exemption defeats the purpose of the NLBA. Plaintiff contends that there is no evidence that defendant offered, discussed or performed any services which involved transactions in securities. See Neb.Rev.Stat. § 8–1101(2) (defines securities broker dealer as one who is in the business of effecting transactions in securities). Further, argues plaintiff, defendant never registered with the state as required before transacting business in Nebraska to qualify as a securities broker dealer. Neb.Rev.Stat. § 8–1103(1). Plaintiff also argues that any exemption under the "accountant" exception is not appropriate under the NLBA. The only way to obtain this exemption, contends plaintiff, is if the professional in the ordinary course of his work occasionally brokers loans for clients. The defendant states plaintiff is not that kind of accounting organization. The sole purpose set forth by plaintiff for hiring defendant was to broker loans to refinance plaintiff's business. The only accounting work was creating financial statements for the loan restructuring. Simply being certified accountants is not sufficient to exempt the defendants from the NLBA, urges plaintiff.

Defendant contends that it provides financial consulting and loan procurement services to businesses in the middle and western parts of the United States. In September 2001, a representative of defendant met with the management team of the plaintiff which resulted in the Employment Agreement. Defendant vehemently argues that the exemptions to the NLBA apply. First, it argues that it is registered with and regulated by both the federal Securities Exchange Commission (SEC) and the National Association of Securities Dealers (NASD). Further, defendant argues that in any event it never held itself out to be a loan broker; the persons acting on behalf of the defendant were certified public accountants who were licensed in Nebraska and entitled to the accounting exemption. In this case those persons were Rex Hansen and Jeff Roth.

Defendant argues that Rex Hansen advised and assisted defendant in creating

and reformatting their general ledger, created a cash-earnings statement, helped reconcile the reformatted general ledger to audit financial statements, helped prepare cash flow analysis and helped analyze past tax returns, all toward the goal of restructuring existing indebtedness, and possibly new financing. Defendant was able to assist in the restructure of some of the debt, help obtain advancements of money through accounts receivable loans, renew accounts receivable loans, restructure inventory loans, and obtain a new loan.

Plaintiff terminated the agreement in June 19, 2002. At that time plaintiff owed defendant $17,978.27 in expenses. In addition, defendant contends that plaintiff failed to pay the value added fee of $150,000.00. Plaintiff sued for reimbursement of the monthly fee, for a declaratory judgment on its obligations under the contract, and for a determination that defendant is a loan broker under the NLBA.

## STANDARD FOR SUMMARY JUDGMENT

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(C); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir.1995). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Id.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Therefore, if the defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159–60, 90 S.Ct. 1598; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir.1987).

Once the defendant meets its initial burden of showing there is no genuine issue of material fact, the plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed.R.Civ.P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir.1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCUSSION

My inquiry here is relatively straightforward. First, is the defendant a loan broker under the Act; second, do any of the exemptions apply; and third, did defendant "hold itself out" to be a loan broker? It appears that there is no Nebraska case law to date that deals with the NLBA. The NLBA defines "loan broker" as any person who "for or in expectation of consideration, procures, attempts to procure, arranges, or attempts to arrange a loan of money for a borrower." Neb.Rev.Stat. § 45–190(5). In the absence of ambiguity, a court must give effect to the statute as it is written.

*American Employers Group v. Dept. of Labor,* 260 Neb. 405, 617 N.W.2d 808, 815 (2000).

■ I agree with the defendant that the NLBA exempts securities broker-dealers and accountants. Neb.Rev.Stat. § 45–191.10. The evidence clearly indicates that the defendant is a securities dealer, although securities might not be involved in the case before me. Also, it is clear from the evidence presented that Rex Hansen and Jeff Roth are certified public accountants in Nebraska. Further, the purpose of the NLBA is likewise clear. It is designed to regulate those groups not otherwise licensed who were being paid to obtain financing for its customers. During passage of the NLBA, Senator Don Wesley stated that "The thing we tried to do is exempt out people that were already being regulated—that already had standards to meet." Committee Records, 1981 LB 54, Sen. Wesley, p. 12. Likewise, Nebraska Assistant Attorney General in charge of the Consumer Protection Division Jerry Fennell stated that the purpose of the exemptions was to exempt those already regulated by the state. Committee Records, 1981 LB 154, Jerry Fennell, pp. 29–30. It is clear from the purposes of the NLBA that the Unicameral intended to halt questionable and misleading business practices against those not already licensed by the state. Neb.Rev.Stat. § 45–189. The combination of the legislative history and the language of § 45–189 leads me to the conclusion that the Unicameral did intend to exempt those businesses already regulated by the state. The Securities Exchange Commission and the National Association of Securities Dealers, Inc. regulate the securities industry. The NLBA defines an exemption for securities broker-dealer, and clearly defendant is registered at the national level. Plaintiff argues that defendant failed to register in Nebraska as a securities dealer as required pursuant to Neb.Rev.Stat. § 8–1102(1). However, the registration requirement does not apply to renewals, extensions, and restructuring of bank loans. Neb.Rev.Stat. § 8–1111. Thus, according to the wording of the statute, such transactions would arguably be exempt from the registration requirement. Neb.Rev.Stat. § 8–1111(8). I conclude that the securities exemption is applicable in this case.

■ With regard to the accounting exemption, this exemption was added to the NLBA in 1995. Nebraska accountants are governed by the Public Accountancy Act, Neb.Rev.Stat. § 1–105 *et seq.* Both Rex Hansen and Larry Roth were certified public accountants during the time in question in this lawsuit. Thus, this exemption is likewise applicable in this case.

■ However, my inquiry must not stop here. The Unicameral has clearly stated that the exemptions apply unless such person holds himself out "through advertising, signs, or other means as a loan broker." Neb.Rev.Stat. § 45–191.10. It is clear from the evidence and arguments presented in these motions that defendant intended to and did provide services to plaintiff to help in the restructuring of the debt. Plaintiff and defendant signed the Employment Agreement, and thereafter defendant determined that plaintiff was in dire straits with its bank. Defendant then put together a business plan that included refinancing options, renewal options, bankruptcy options, and so forth. An amended plan was then presented to the bank to restructure the debt and to avoid bankruptcy. Defendant argues that the key component offered to the plaintiff was financial analysis, and the substance was financial planning, not loan brokering.

■ I am concerned that under plaintiff's construction of the NLBA that any

time an exempt organization counsels a client regarding third-party financing, the exempt status would be in jeopardy. I do not believe that this is what was intended by the Unicameral. I further find that the failure to register with the State of Nebraska, given the registrations undertaken by the defendant coupled with the types of transactions conducted by the defendants, is not fatal to the contract. Further, the transactions in this particular case do not appear to be of the type that require registration under the Nebraska Security broker-dealer laws. Exceptions to the registration requirement exist under Neb.Rev. Stat. § 8–111 for renewals, extensions and restructuring of bank loans. Those are the types of services that were offered by the defendants in this case. In addition, there is no evidence that defendants advertised or held themselves out as loan brokers. On the contrary, the evidence presented shows them to be accountants and securities brokers. A meeting discussing accounting services and financial assistance which includes an offer to assist plaintiff in procuring refinancing does not equal "holding oneself out as a loan broker." Consequently, I determine as a matter of law that the services provided by the defendant to the plaintiff are exempt under the NLBA.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for partial summary judgment, Filing No. 27 is denied;

2. Defendant's motion for partial summary judgment, Filing No. 19, is granted.